United States District Court
Southern District of Texas

**ENTERED**

March 16, 2018

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLEARCHOICE HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-3569 |
| | § | |
| CLEAR CHOICE DENTAL, PLLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Plaintiff's Motion for Entry of Order of Civil Contempt (Doc. 39). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Plaintiff's motion be **DENIED** and that the scope of the court's injunction be **MODIFIED**.

Plaintiff filed this action on December 15, 2014, bringing claims under federal law for trademark infringement, false designation of origin, trademark dilution, unfair competition, and cyberpiracy.[2] Plaintiff also made claims of common law trademark infringement and unfair competition under Texas law.[3] Plaintiff requested injunctive relief and monetary damages.[4] Defendant's

---

[1]     This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 29, Ord. Dated Mar. 4, 2016.

[2]     See Doc. 1, Pl.'s Compl.

[3]     See id.

[4]     See id.

attorney withdrew from the case on June 15, 2015, and, upon a motion by Plaintiff, the court struck Defendant's answer on the basis that, as Defendant was a professional limited liability corporation, the law required such an entity to be represented by counsel.[5]  The court gave Defendant until December 30, 2015, to file a new answer through an attorney.[6]  Defendant failed to act, and default was entered on January 6, 2016.[7]

On October 14, 2016, the court held a hearing on damages, taking evidence and testimony from both parties.[8]  The court entered a Memorandum and Recommendation on December 23, 2016, recommending a monetary award of $70,000 in damages, plus pre- and post-judgment interest.[9]  The court also recommended the entry of an injunction against Defendant, as requested by Plaintiff in the initial complaint.[10]  The court entered the default judgment on January 30, 2017, awarding Plaintiff the recommended damages and enjoined Defendant from:

> (1) using the name Clear Choice Dental, PLLC; and (2) operating the domain name www.myclearchoicedental.com. Additionally, Defendant is **ORDERED** within 30 days from

---

[5]    See Doc. 19, Pl.'s Mot. to Strike Ans. & for Clerk's Entry of Default Against Def.; Doc. 20, Ord. Dated Dec. 7, 2015.

[6]    See Doc. 20, Ord. Dated Dec. 7, 2015.

[7]    See Doc. 21, Ord. Dated Jan. 6, 2016.

[8]    See Doc. 35, Mem. & Rec. Dated Dec. 23, 2016.

[9]    See id. pp. 28-29.

[10]    See id. p. 28.

2

the entry of this Judgment to turn over to Plaintiff any
materials that contain the name Clear Choice Dental,
PLLC, and to de-register Clear Choice Dental, PLLC with
the Texas Secretary of State and provide Plaintiff proof
of de-registration.[11]

On February 23, 2018, Plaintiff filed the pending motion to
hold Defendant in civil contempt for its failure to comply with the
court's Default Judgment.[12] Specifically, Plaintiff complains that
Clear Choice Dental, PLLC, did not deregister with the Secretary of
State but continues to be listed as "active."[13]  Plaintiff also
complains that Defendant failed to turn over materials that
contained the name Clear Choice Dental, PLLC, after entry of the
default judgment.[14] The court thereafter set a hearing and ordered
Defendant to appear and show cause why an order of contempt should
not be entered.[15]

Prior to the hearing, Defendant responded to Plaintiff's
motion and averred that it had no marketing materials in the name
Clear Choice Dental, PLLC, to disgorge, and it did not believe that
the court's injunction was so broad as to require it to turn over
to Plaintiff items such as bank records from prior years, contracts

---

[11]    See Doc. 38, Default J. Dated Jan. 30, 2017.

[12]    See Doc. 39, Pl.'s Mot. for Entry of Ord. of Civ. Contempt.
Plaintiff failed to attempt to resolve its concerns with Defendant prior to
filing this motion.  Plaintiff is reminded of its obligations under the court's
Local Rules.  See L.R. 7.1(D).

[13]    See Doc. 39, Pl.'s Mot. for Entry of Ord. of Civ. Contempt p. 2.

[14]    See id.

[15]    See Doc. 40, Ord. to Show Cause Dated Feb. 26, 2018.

with third parties, and corporate books and records.[16]  On March 8,
2018, the court held a hearing on the pending motion.

At the hearing, Plaintiff reiterated, through counsel, that
Defendant had not de-registered Clear Choice Dental, PLLC, as
evidenced by records from the Texas Secretary of State indicating
that it was still an active entity.[17]  Plaintiff also requested that
Defendant turn over all its records, including bank statements,
leases, and website information containing the name "Clear Choice
Dental, PLLC," and complained that Defendant had not turned over
any document in compliance with the default judgment.[18]

At the hearing, Defendant called two witnesses, Marcus Hamm
("Hamm"), Defendant's accountant, and MaryKaren Matt, D.D.S., ("Dr
Matt"), the owner of Clear Choice Dental, PLLC.

Hamm testified that in early February 2016, approximately a
year prior to entry of the default judgment, Dr. Matt stopped using
the name "Clear Choice Dental, PLLC," and began practicing
dentistry under the name "Dental Associates of Texas, PLLC."  On
February 4, 2016, Hamm registered the entity "DASOTX, PLLC" with

---

[16]     See Doc. 42, Def.'s Resp. to Pl.'s Mot. for Entry of Ord. of Civ.
Contempt p. 3.

[17]     See Doc. 39-1, Ex. A to Pl.'s Mot. for Entry of Ord. of Civ.
Contempt, Find Entity Name Search: "Clear Choice Dental" p. 1; Doc. 39-1, Ex. C
to Pl.'s Mot. for Entry of Ord. of Civ. Contempt, Business Organizations Inquiry:
Clear Choice Dental, PLLC p. 1.

[18]     See Doc. 39-1, Decl. of Victor C. Johnson p. 2.

4

the Texas Secretary of State.[19]   Dr. Matt and Hamm took no action to de-register Clear Choice Dental, PLLC, after entry of the default judgment but, on Monday, March 5, 2018, Hamm amended the Clear Choice Dental, PLLC, registration account with the Secretary of State to reflect its new name of "Dental Associates of Texas, PLLC."   In February 2016, Hamm obtained a new employer identification number ("EIN") for DASOTX. After February 2016, Dr. Matt practiced under the name of Dental Associates of Texas, PLLC, and filed tax returns under that name.  No tax returns were filed under the name of Clear Choice Dental, PLLC, after tax year 2015. Hamm testified that he visited Dr. Matt's practice approximately once a week after the name change and had never witnessed any use of the Clear Choice Dental name by Dr. Matt or her staff.

Dr. Matt testified that once the new entity was formed in February 2016, she began doing business under the name of Dental Associates of Texas, PLLC. Dr. Matt closed the bank accounts owned by Clear Choice Dental, PLLC, and opened bank accounts under the new name Dental Associates of Texas, PLLC.  She testified that she threw away all business cards using the name Clear Choice Dental, PLLC, and created new cards with the new name.  At the same time, she also gave instructions to her website host to change the website from Clear Choice Dental, PLLC, to Dental Associates of

---

[19]    "DASOTX, PLLC" is a short-hand form of "Dental Associates of Texas, PLLC."

Texas, PLLC.

Dr. Matt testified that her dental practice never used any stationery, brochures, print ads, or sponsorships bearing the name "Clear Choice Dental." Dr. Matt explained that all social media including Facebook and Twitter, was updated to the Dental Associates of Texas name in 2016. After the name change, credit card receipts were issued by Dental Associates of Texas and her staff answered the phone using the new name.

Dr. Matt testified that any remaining document reflecting the Clear Choice Dental name would be a historical business record dating prior to the name change. The lease for the office space was in her name, not the Clear Choice Dental name.

Dr. Matt explained that in 2014, Clear Choice Dental, PLLC, sued an insurance company in state court over water damage to the leased space. This suit was settled in fall 2017, as evidenced by the petition and order of dismissal submitted by Defendant as evidence at the hearing. Defendant's counsel argued that Dr. Matt kept the Clear Choice Dental, PLLC, entity active with the Secretary of State because of that lawsuit. Dr. Matt testified that other than that lawsuit, she ceased to use the name Clear Choice Dental, PLLC, in February 2016 and Clear Choice Dental, PLLC, had no income thereafter because she operated her practice under the Dental Associates of Texas name.

Dr. Matt admitted that she did not receive a copy of the

6

court's default judgment and was unaware of the requirement to deregister her former PLLC with the Texas Secretary of State.

At the conclusion of the hearing, Plaintiff's attorney reiterated that it wanted Defendant to deregister the old entity and that the name change was not adequate to comply with the court's order.  Plaintiff's attorney explained that Plaintiff wanted the old entity to be deregistered so that it could hold Dr. Matt personally liable for the default judgment entered against Clear Choice Dental, PLLC.

The court acknowledges that the default judgment expressly required Defendant to deregister the entity known as Clear Choice Dental, PLLC, with the Texas Secretary of State.  In the court's Memorandum and Recommendation, the court recommended entry of injunctive relief, including deregistration with the Texas Secretary of State because it was not clear if Defendant had completely ceased using the name Clear Choice Dental, PLLC.[20]  At the time, the court believed that such relief was narrowly tailored to prevent Defendant from further infringing on Plaintiff's trademarks.  However, it now appears that the relief requested by Plaintiff of deregistration is not intended to prevent further infringement, but its purpose is now to impose personal liability on Dr. Matt.  This was not a result foreseen by the court and goes beyond the remedial purpose of the injunctive relief.

---

[20]      See Doc. 35, Mem. & Rec. p. 28.

7

"Modification of an injunction is appropriate when legal or factual circumstances justifying the injunction have changed." ICEE Distributors, Inc. v. J&J Snack Foods Corp., 445 F.3d 841, 850 (5th Cir. 2006); see also Moore v. Tangipahoa Parish Sch. Bd., 864 F.3d 401, 406 (5th Cir. 2017)("sound judicial discretion may call for the modification of the terms of an injunctive decree if the circumstances, whether of law or fact, obtaining at the time of its issuance have changed, or new ones have since arisen.")(quoting Pasadena City Bd. of Educ. v. Spangler, 427 U.S. 424, 437 (1976)). To ensure that injunctive relief is "'to be enforced with fairness and precision,' it must be flexible." Moore, 864 F.3d at 406. A court can modify the injunction if there is proper notice to the parties. Id.

The court recognizes that Defendant failed to inform itself of the terms of the default judgment in this case, continuing its pattern of failing to act with due diligence. However, the court also recognizes that Plaintiff is attempting to expand the effect of the injunction and to utilize it to impose personal liability on Dr. Matt.

As to Plaintiff's request for a contempt finding because Defendant failed to turn over its historical business records, the court finds this request to be wholly without merit. The court further finds that Dr. Matt's actions in obtaining a new corporate name for her practice, destroying old business cards in 2016, and

changing the business's name on her website in 2016 to be in compliance with the court's injunction.

Based on the foregoing, the court **RECOMMENDS** that Plaintiff's Motion for Contempt (Doc. 39) be **DENIED** and that the court **AMEND** the Default Judgment's injunctive relief section.  The court **RECOMMENDS** amending the injunction to read as follows:

> It is further **ADJUDGED** that Defendant is **ENJOINED** from (1) practicing dentistry under the name Clear Choice Dental, PLLC; and (2) operating the domain name www.myclearchoicedental.com. Additionally, Defendant is **ORDERED** within 30 days from the entry of this Judgment to destroy any remaining marketing materials that contain the name Clear Choice Dental, PLLC, and to provide Plaintiff proof that it has updated its name from "Clear Choice Dental, PLLC" to "Dental Associates of Texas, PLLC" with the Texas Secretary of State.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 16th day of March, 2018.

9

U.S. MAGISTRATE JUDGE